*Decision will be entered under Rule 50.*

## W. A. BELCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5215. Promulgated June 19, 1946.

*Ormond Somerville, Esq.*, and *John W. Lapsley, Esq.*, for the petitioner.

*F. L. Van Haaften, Esq.*, for the respondent.

**OPINION.**

TYSON, *Judge*: The respondent determined the petitioner to be taxable on the entire net income of the business of W. A. Belcher Lumber Co. for the year 1941.

The crucial question to be decided is whether, for Federal tax purposes, the W. A. Belcher Lumber Co. was a partnership composed of petitioner, his wife individually, and his wife as trustee for his four children, in 1941.

We think that under the facts shown in our findings the answer to the question and the disposition of this case are controlled by *Commissioner* v. *Tower*, 327 U. S. 280; *Lusthaus* v. *Commissioner*, 327 U. S. 293; *Abe Schreiber*, 6 T. C. 707; *Floyd D. Akers*, 6 T. C. 693; *Ed. Dubinsky Durwood*, 6 T. C. 682; *Lewis Coleman Benson*, 6 T. C. 748; *Howard B. Lawton*, 6 T. C. 1093; and *John Lang*, 7 T. C. 6.

In the *Tower* case the Court said:

* * * If she [a wife] either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U. S. C. §§ 181, 182. * * * But when she [a wife] does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take these circumstances into consideration in determining whether the partnership is real within the meaning of the federal revenue laws.

Here it is clear that none of the capital invested in the business at the outset was capital "originating" with the wife individually or as trustee. We also think that the $20,000 borrowed from petitioner's brother did not constitute capital "originating" with the wife individually or as trustee, for, while this amount constituted funds borrowed by the wife individually and as trustee, such amount was afterwards repaid by the business. Cf. *Lusthaus* v. *Commissioner*, *supra*.

It is also clear that, as in the *Lusthaus*, *Schreiber*, *Durwood*, and *Lawton* cases, the wife, neither in her individual capacity nor as trustee, rendered any services that were "vital" to the business, since the most that can be said as to those services is that they were of a minor character and were rendered only during those times when petitioner's wife was not engaged in caring for her three young children, one of those children having been born only a few days before the beginning of the taxable year; and in this connection it would seem that, nothing to the contrary appearing, the wife was amply compensated for such services by the $250 per month paid her as a salary.

Also, the wife rendered no services of a managerial nature, since the business was at all times within the exclusive management and control of petitioner, who made all decisions; and only the petitioner, or the bookkeeper upon petitioner's authorization, could sign checks on the bank account of the business. The fact that petitioner from time to time discussed business problems with his wife does not alter the situation as it would exist without such discussions. *Abe Schreiber*, *supra*; *Floyd D. Akers*, *supra*; and *John Lang*, *supra*.

In view of our conclusion as to the claimed partnership, it is unnecessary to consider whether, as a separate proposition, the petitioner would or would not be taxable on any income of the trusts as such.

The respondent did not err in taxing all the net income for 1941 of the W. A. Belcher Lumber Co. to the petitioner.

*Decision will be entered for the respondent.*